GRILLIS *v.* STATE.

(In Banc.   April 10, 1944.)

[17 So. (2d) 525.   No. 35448.]

L. F. Easterling, Will S. Wells, and Jackson, Young & Friend, all of Jackson, for appellant.

578

**Greek L. Rice,** Attorney-General, by **Geo. H. Ethridge,** Assistant Attorney-General, for appellee.

582

Argued orally by **Forrest B. Jackson**, for appellant, and by **Geo. H. Ethridge**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant was convicted of an attempt, that is, of overt acts in the design and endeavor, Section 793, Code 1930, Section 2017, Code 1942, to violate Section 1100, Code 1930, Section 2336, Code 1942, or else Section 1102, Code 1930, Section 2338, Code 1942, which makes it a criminal offense for any person to sell the flesh of any diseased animal.

Appellant at the time in question operated a restaurant in the City of Jackson, and also maintained a small farm

on which there were about sixty head of hogs. On Wednesday the hog here involved was discovered by appellant to be sick and down. Appellant sent for a veterinarian and personally assisted the veterinarian in giving the animal several injections. The next day, Thursday, the hog was slaughtered by an employe of appellant in charge of the farm who brought the dressed carcass to appellant's cafe, where on Friday it was discovered and condemned by the inspectors of the city health department. It is not claimed, or in any way intimated, that meats or any part thereof brought to this cafe were intended for any other purpose than for the preparation of food for human consumption.

It is earnestly insisted, nevertheless, that the evidence is insufficient to sustain the verdict. Because of the fact that the employe who handled the slaughter of the hog and who took it to the restaurant was missing when the case came on for trial, the state was obligated to supply the proof by evidence which in some of its features is circumstantial; but without going into details which would serve no useful purpose, we are of the opinion that when all the testimony is reconciled which can be reconciled and interpreting the proved circumstances in the only reasonable way in which they can be interpreted, the jury was warranted in believing, and this beyond a reasonable doubt, that a certain friendly policeman, who had seen the hog on Wednesday afternoon, told appellant that night that if the hog had been inoculated against cholera—and the testimony shows that this had been done—and that if the animal were killed instead of being allowed to die naturally, the meat would be good and could be saved, and that the next day, moved by the thought that if questioned he could take refuge under the color of official sanction, appellant directed his employe to do as was done and which was sufficient to constitute the offense charged—and as charged against appellant. As a matter of course, the stated circumstance

furnishes no valid excuse, and can serve only by way of extenuation.

Appellant raises the point that the inspection or search of the restaurant kitchen where the diseased meat was found on Friday morning was unlawful because without a search warrant. The consensus of the authorities is that no such warrant is necessary in entering premises for sanitary inspections and to investigate conditions detrimental to health so long as no resort to force even of the mildest nature is required, and especially is this true as respects a business such as a public restaurant. A sufficient number of the cases is gathered in the notes 47 Am. Jur. p. 510, title Searches and Seizures, Section 13.

When a person carries on a business for the dispensation and sale of food for human consumption and members of the public are invited to become patrons, the proprietor of the establishment thereby impliedly consents that the public, through its authorized departmental agents or officers, may from time to time make such reasonable inspections as will protect against unwholesomeness of the food and against any unwholesome conditions surrounding the preparation thereof, and against disease which might result therefrom, and so consenting the search and seizure prohibition of the state and federal constitutions is not involved, so far as health officers are concerned. D'Aquilla v. Anderson, 153 Miss. 549, 120 So. 434, relied on by appellant, is not a health inspection case, and therefore if there were no other reason, is not in point.

Appellant concedes that the guaranties against unreasonable searches and seizures do not apply to routine inspections by sanitary officers, those made in the ordinary or every day pursuit of their duties, but contends that in this case they went to the restaurant in pursuance of information received by them that the law had been or was about to be violated and that they went not to inspect but to search for evidence whether the information was true. It would be a strange rule that would

permit health officers, without previous information, to inspect to discover whether the health laws are being complied with—whether such laws are being violated—and yet would cut off this right if they should have happened to receive information in advance that the law was in fact being violated, which would be to say that the more urgent the duty to inspect, the less the right to make it. We cannot subscribe to the contention.

We have laid aside, but it is a fact moreover, that no objection was made by any of those in charge of the restaurant at the time the search or inspection was made.

We have examined the other assignments and find no reversible error except that we are of the opinion that appellant's point that he was sentenced under the wrong statute is well taken and must be sustained.

Section 1100, Code 1930, Section 2336, Code 1942, reads as follows: "Any butcher or other person who shall knowingly sell the flesh of any animal . . . slaughtered when diseased . . . shall, on conviction thereof, be punished by imprisonment in the penitentiary not more than five years nor less than one year."

Section 1102, Code 1930, Section 2338, Code 1942, reads as follows: "If any person shall sell or offer for sale as human food, the flesh . . . of any diseased animal, . . . such person shall be fined, on conviction, not less than one hundred dollars and imprisoned not less than thirty days."

There is no mention in Section 1100 of a sale for human food, and in Section 1102 nothing is said about slaughter when diseased. In the indictment both these elements are charged. The indictment was evidently drawn in an effort to make it come under either of these sections, and neither of them is specifically referred to in the indictment. It is not charged that appellant is a butcher, or that, under strict construction which must be extended to criminal statutes, his occupation was such as may be classified with that of a butcher.

The case, then, is one for the application of the rule that when the facts which constitute a criminal offense may fall under either of two statutes, or when there is substantial doubt as to which of the two is to be applied, the case will be referred· to the statute which imposes the lesser punishment. See cases cited 24 C. J. S.,. Criminal Law, Sec. 1979, p. 1193, under Note 75. And under the attempt statute Section 793, Code 1930, Section 2017, Code 1942, no greater punishment may be administered than that prescribed for the actual commission of the offense attempted.

The judgment will be affirmed .on the issue of guilt, but will be vacated as to the punishment, and the case will be remanded so that sentence may·be imposed under Section 1102, Code 1930, Section 2338, Code 1942.

Affirmed in part and reversed and remanded for proper sentence.