392 So.2d 203 (1980)
Joe BROADUS
v.
STATE of Mississippi.
No. 52273.
Supreme Court of Mississippi.
November 19, 1980.
Rehearing Denied December 10, 1980.
Jon A. Swartzfager, Laurel, for appellant.
Bill Allain, Atty. Gen. by Mark A. Chinn, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, P.J., and SUGG and LEE, JJ.
SUGG, Justice, for the Court:
Defendant was convicted in the Circuit Court of the Second Judicial District of Jones County for the sale of marihuana and sentenced to 10 years imprisonment with 2 years suspended, provided a fine of $5,000 was paid within one year from date of sentencing. Defendant assigns as error the refusal of the trial court to give the following instruction requested by him:
The Court instructs the jury that if you believe that the defendant did not know what the package he delivered to Earl Plymale contained, then it is your sworn duty to find the defendant not guilty.[1]
The state's evidence that defendant sold marihuana was elicited from Earl Plymale who testified that he bought marihuana from the defendant and paid $100 to the defendant for the marihuana. The defendant denied that he sold marihuana to Plymale, and his defense was that Plymale asked him to obtain a package which Plymale had hidden behind an air conditioning *204 unit at defendant's home and deliver it to Plymale. Defendant denied that he received any money from Plymale and stated that he did not know what the package contained but merely delivered it as requested by Plymale. The requested instruction was the only instruction which would have presented this defense to the jury.
In McVeay v. State, Miss., 355 So.2d 1389 (1978) we held one of the essential elements of the offense of selling marihuana was that the defendant had knowledge of the contents of the package which was sold. We reversed and discharged McVeay because there was no evidence that McVeay knew that marihuana had been sold to an undercover narcotics agent. McVeay was present when one Moore handed an undercover agent a package of marihuana for which he received $15 whereupon Moore handed the money to McVeay with the statement: "Here is your money." There was no evidence that McVeay knew that the package contained marihuana.
In Applegate v. State, 301 So.2d 853 (Miss. 1974), Applegate was convicted for delivering and transferring marihuana. Applegate visited his friend, Melvin Cook, at jail, and in Applegate's presence Melvin Cook asked his wife to get him a package of Kool cigarettes and a can of Prince Albert. In about 30 minutes Cook's wife returned to the jail with the cigarettes and a can of Prince Albert in a small paper bag and requested Applegate to hand the bag through the back window to a trusty for delivery to her husband. The testimony showed that it was customary to hand articles through the window to a trusty for delivery to a prisoner when the jailer was off duty. Applegate did not open either the package of Kool cigarettes or the Prince Albert tobacco can. We reversed the conviction holding that the testimony was not sufficient to prove directly or inferentially beyond a reasonable doubt that Applegate intended to deliver marihuana to the jail trusty. We further held that an essential element of the crime of delivery was that Applegate have knowledge that he was delivering a controlled substance.
The defendant was entitled to an instruction presenting his defense of lack of knowledge of the contents of the package to the jury for its consideration. The instruction should have been given because it dealt with a question of fact in the case; namely, did defendant know what the package contained? We therefore reverse and remand for a new trial because the trial court refused the instruction.
Defendant also argues that his demurrer to the indictment should have been sustained. The indictment charges the defendant as follows:
Joe Brodus on the 8th day of March, 1979 in the County and District aforesaid did wilfully, unlawfully, feloniously and knowingly sell to Earl Plymale for good and lawful money of the United States of America, a controlled substance, to wit; a quantity of Cannabis sativa L., commonly known as Marihuana, contrary to and in violation of the Uniform Controlled Substances law of 1971, Mississippi Code of 1972, Annotated, as Amended, this being against the peace and dignity of the State of Mississippi.
In his demurrer, defendant stated:
That the Uniformed Controlled Substance Law of 1971 has been amended in that on July 1, 1977 the Laws of the State of Mississippi provide for two (2) separate offenses of sale of marihuana. Section 41-29-139(c)(2)(A) states that it is unlawful to sell one (1) kilogram or more of marihuana, and Section 41-29-139(c)(2)(E)[2] states that it is unlawful to sell less than one (1) kilogram of marihuana, and that these two sections of the code constitute separate offenses, as shown through the interpretations of said statutes by the Mississippi Supreme Court.
That these two (2) separate offenses call for different penalties and that the *205 Defendant is unable to ascertain what penalty might be prescribed upon conviction.
That the indictment is defective by a failure to show the Defendant of what crime he is charged.
The trial court overruled the demurrer holding that the indictment properly charged the defendant with the unlawful sale of marihuana, but since the indictment did not specify the amount of marihuana sold, punishment would be imposed under section 41-29-139(c)(2)(B) Mississippi Code Annotated (Supp. 1977) which provides for a lesser penalty than section 41-29-139(c)(2)(A) Mississippi Code Annotated (Supp. 1977). Section 41-29-139(c)(2)(B) prescribes the penalty for the sale of less than one kilogram of marihuana, and section 41-29-139(c)(2)(A) prescribes the penalty for the sale of one kilogram, or more, of marihuana. In White v. State, 374 So.2d 225 (Miss. 1979) we held that when the facts which constitute a criminal offense may fall under either of two statutes, the statute which imposes the lesser punishment will apply. Accord. Grillis v. State, 196 Miss. 576, 17 So.2d 525 (1944).
The indictment did not specify the amount of marihuana that defendant was charged with selling, so the trial court properly held that if defendant was convicted he would be sentenced under the statute which imposed the lesser punishment. We hold the trial court did not err in overruling the demurrer.
Defendant also assigns as error the failure of the state to furnish him with a complete record of the convictions of a witness for the state. In response to a motion of the defendant and order of the court, the state furnished the defendant with a list of four convictions of the witness in municipal court. The list did not include three convictions of the witness before the witness attained the age of 18 years. The trial judge held that the convictions before the witness attained the age of 18 years could not be used for impeachment purposes. The state argues this was proper under our decision in Hamburg v. State, 248 So.2d 430, 431 (Miss. 1971) and in the United States Supreme Court decision in the case of Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). Both the Hamburg and Davis cases dealt with proceedings in youth court and have no application to convictions of a juvenile in municipal court. On retrial defendant should be permitted to show all the convictions of the witness regardless of the age of the witness at the time of the convictions.
The other assignments of error of the defendant have been carefully noted but merit no comment. We reverse and remand because of the failure of the trial court to give the instruction requested by the defendant heretofore set forth in this opinion.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] The instruction is technically incorrect. The jury should be instructed, "... that if you believe from the evidence ..." instead of "... that if you believe ..."
[2] This reference is obviously erroneous because there is no Section 41-29-139(c)(2)(E) in Mississippi Code annotated (Supp. 1977). The (E) should be (B).