438 So.2d 1347 (1983)
Percy BURNS
v.
STATE of Mississippi.
No. 54159.
Supreme Court of Mississippi.
October 5, 1983.
*1348 Wendell Hobdy Bryan, II, Amory, for appellant.
Bill Allain, Atty. Gen. by Robert D. Findley, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before BROOM, P.J., ROY NOBLE LEE and BOWLING, JJ., and SUGG, Retired Justice.
SUGG, Retired Justice, for the Court:[1]
Appellant was convicted in the Circuit Court of Monroe County for possession of marijuana with intent to transfer or distribute it and was sentenced to serve a term of twenty years imprisonment and fined $10,000.

STATEMENT OF FACTS
On October 7, 1981, John C. Robinson, Jr., a deputy sheriff of Monroe County, was on duty in the sheriff's office. He observed appellant walk away from one of the cell windows of the women's section of the jail, enter his car, and leave. When appellant did not come by the office to request permission to see any person in jail or to inquire about visiting hours, the deputy became suspicious and unsuccessfully attempted to stop appellant. As appellant drove away he obtained a description of the automobile and the license plate number. The deputy then checked the number of the license plate through the National Crime Information Center (NCIC) and received information it was stolen. He notified all the units of the sheriff's office by radio that the license plate was reported as stolen, and gave the number of the license plate and a description of the automobile.
J.C. Robinson, Sr., another deputy sheriff, received the radio message, saw the automobile in question and stopped it. The officer asked appellant for his drivers license and the registration of the automobile. Appellant gave him a registration that did not correspond with the license plate on the car so the officer advised appellant that the plate had been reported stolen. Appellant replied that he had found the license plate and put it on the automobile. The officer then asked appellant to follow him to the sheriff's office to see if they could get the matter straightened out. Upon arrival at the sheriff's office appellant gave an explanation about the license plate. One of the officers then checked the vehicle identification number (VIN) *1349 through the NCIC computer and received information that the automobile was stolen.
The two Robinsons, father and son, then conducted a search of the automobile. They opened the trunk of the automobile with a key which they found in the glove compartment. They opened a brown grocery sack which was in the trunk of the automobile in which they found 107 handrolled cigarettes and 32 plastic bags containing a green leafy substance later identified as marijuana. Inside the passenger compartment of the car the officers found a pair of sunglasses, a pick-type plastic comb and a map. They also found a couple of bags containing men's clothing and one empty suitcase in the trunk of the automobile. Following the search of the automobile Officer Robinson, Jr. placed appellant under arrest, read him his Miranda rights, and had him sign a waiver. Appellant was arrested on the charge of possession of more than one ounce of marijuana.
Appellant testified that he borrowed the car on October 4 from Ola Hanley in St. Louis. He testified that he did not have any luggage with him, that he had not looked in the trunk of the automobile, and did not know that marijuana was in the automobile. He stated that when the police stopped him he followed the officer to the sheriff's office, "to get the license plate straight." On cross-examination the following questions and answers were given:
Q. Now, Ola Hanley apparently didn't like the idea of you going off from St. Louis with her car, did she?
A. No, sir, I don't believe so.
Q. You sort of figured what she had done, hadn't you?
A. I had an idea.
Q. And what is that idea that you had?
A. That I messed up when I took her car.
Appellant also testified that he had previously pled guilty to armed robbery and burglary. Appellant testified that he was working at Jones Shell as a mechanic on Monday through Friday of each week and said he left St. Louis on Saturday but did not report for work on the following Monday, Tuesday or Wednesday. He was asked if he didn't "bring this stuff down here" to make a little more money than he could make on the job. His response was "When I seen that that was when they brought it out of the office."
Officer Robinson, Jr. testified, that after he received information from the NCIC computer that the car had been reported as stolen, he took custody of the car. He was then asked the following question: "Now, when a car is taken into custody, is it a normal and customary procedure to make an inventory of the vehicle for the safe-keeping of the valuables contained therein?" The question was objected to as leading but the objection was overruled. Officer Robinson then answered, "Yes, sir," and related the details of the search resulting in finding the marijuana.

ASSIGNMENTS OF ERROR
Under the first three assignments of error appellant argues that the marijuana should not have been admitted into evidence because, (1) it was seized as a result of an illegal arrest, (2) it was seized as the product of custodial questioning when he had received no Miranda warnings, and (3) the inventory search exceeded the limits of any allowable inventory.
The state's response to appellant's argument is that he had no standing to object to the search of the automobile because it was stolen. After the state's witness had testified about the information received from the NCIC computer without objection, the marijuana was offered in evidence. Appellant objected, and his objection was overruled. In overruling the objection, the trial judge stated,
More particularly to this case, however, is the fact that the information known to the officer of the sheriff's department was that the vehicle was, in fact, stolen and therefore it would appear that this defendant had no legitimate expectations of any right to the privacy of the vehicle, especially the rear compartment of it, for *1350 the simple reason it did not belong to him ...
Initially, we note that the automatic standing rule announced in Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), was abolished and Jones was expressly overruled in United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980).
In Slyter v. State, 246 Miss. 402, 149 So.2d 489 (1963), this Court held that evidence seized from the search of a stolen automobile is admissible in evidence, and stated:
The appellant next argues that the court erred in admitting the testimony of Sam Ivy regarding the search and inspection of the automobile and in admitting in evidence the samples of hair and blood recovered therefrom. He further argues that the court erred in permitting evidence that the automobile was stolen. Here the appellant objects to the search on the ground that the officers did not have a warrant, therefore, the testimony showing the automobile was a stolen car was admissible for the reason that appellant could not complain of the search of the car. This Court has held in many instances that for one to be in position to complain of an illegal search one must either be the owner or in the lawful possession of the property searched. Rose v. State, 222 Miss. 699, 76 So.2d 835 and authorities there cited. (246 Miss. at 409, 149 So.2d at 492)
In Williamson v. State, 248 So.2d 634 (Miss. 1971) this Court held that the defendants in that case had standing to object but stated,
This does not hold true, however, when a trespasser is in possession of a stolen automobile. Slyter v. State, 246 Miss. 402, 149 So.2d 489 (1963).
There is no doubt appellant was in possession of a stolen automobile because in closing argument his attorney stated,
It is in evidence and we don't dispute it, he has got a conviction for armed robbery, he has got a conviction for burglary and larceny and he was down here in a stolen car.
Appellant's counsel further stated:
Now, I invite the state to come up here and tell you how it is you are supposed to believe that he knew the stuff was in the trunk, he was in a stolen car.
Appellant argues that the information received from the NCIC computer does not constitute proof and suggests that, if in fact the car was stolen, it would have been simple for the state to have obtained proof of it by getting the owner to testify that the car was stolen. In this argument appellant overlooks the fact that one of the state's witnesses was permitted to testify without objection about the information received from the NCIC computer that the automobile was stolen. In Citizens Bank of Hattiesburg v. Miller, 194 Miss. 557, 11 So.2d 457 (1943) this Court held:
[H]earsay evidence, where admitted without objection, may properly be considered and given its natural and logical probative effect, as if it were in law competent evidence ... Hearsay evidence admitted without objection may be regarded as sufficient to establish a fact in controversy. (194 Miss. at 566, 11 So.2d at 459).
See also, Mississippi State Highway Com. v. Robertson, 350 So.2d 1348 (Miss. 1977); Roberts v. Interstate Life & Accident Insurance Company, 232 Miss. 134, 98 S.Ct. 632 (1957); Meridian Hatcheries, Inc. v. Troutman, 230 Miss. 493, 93 So.2d 472 (1957). Appellant did not object to the testimony about the information received from the NCIC computer that the car was stolen. Later when the state offered the marijuana in evidence through the testimony of Joe Lee Williams, Jr., a forensic scientist who examined the marijuana, appellant objected to the introduction of the marijuana on the three grounds set forth in the first three assignments of error.
Appellant argues that the search was made as the result of the custodial questioning when he had not been given his Miranda warnings. The search was not made on the basis of custodial questioning but rather *1351 on the information received by the sheriff's office from the NCIC computer.
In Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978) and in Alderman v. United States, 394 U.S. 165, 174, 89 S.Ct. 961, 966, 22 L.Ed.2d 176 (1969) the United States Supreme Court held that a person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed.
We therefore hold that the search was legal and that appellant's fourth amendment rights were not violated because the marijuana was found in a stolen automobile.
In the fourth and fifth assignments of error, appellant argues the evidence was insufficient to support his conviction because it did not prove that he is guilty beyond a reasonable doubt and the verdict of the jury was against the great weight of the evidence.
Appellant's defense at trial was that he had not looked in the trunk of the automobile where the marijuana was found and he did not know that marijuana was in the automobile. The state's case showed that there were two bags of men's clothing in the automobile, defendant had stolen the automobile in St. Louis, brought it to Mississippi, he had been on the road for three days, and the officers found 107 handrolled marijuana cigarettes and thirty-two bags of marijuana in a paper sack in the trunk of the automobile. The state argues it was highly unlikely that the owner of the automobile would have reported it stolen if the owner had placed marijuana in the automobile, and it was unlikely that the appellant traveled for three days without changing clothes when a change of clothes was in the trunk of the automobile.
The evidence presented a conflict for the resolution of the jury. In Bingham v. State, 434 So.2d 220 (Miss. 1983), we reaffirmed the holding of numerous cases that the resolution of conflicts in evidence are for the jury and not the appellate court. Accordingly, we find no merit in these assignments of error.
Appellant contends in his sixth assignment of error that the court erred in allowing his previous criminal convictions to be shown at the trial. His arguments are not well taken because under section 13-1-11 Miss. Code Ann. (1972) evidence of prior convictions may be introduced to impeach a witness.
In his seventh assignment of error appellant argues that the court erred in allowing the prosecutor to ask the defendant, "It wasn't the first time you had taken things, was it?" This Court has held such questions are error but not reversible error. See Murray v. State, 266 So.2d 139 (Miss. 1972) for collation of cases so holding. We note that in the cross-examination of appellant the state properly questioned him about his previous convictions and on the basis of these questions, elicited answers that appellant had pled guilty to armed robbery and burglary and larceny. We hold that the question, although improper, does not constitute reversible error.
In his eighth assignment of error appellant contends that the court erred in allowing the state's expert from the Mississippi Crime Laboratory to testify as to the reason for marijuana being classified as a Schedule 1 Controlled Substance.
The reason for the marijuana being classified as a Schedule 1 Controlled Substance by the legislature was not relevant on the question of the guilt or innocence of appellant. We hold that it was error to permit the testimony, but in this case it was harmless. However, in a close case on facts such testimony might be prejudicial and inflammatory, and the state should refrain from introducing such testimony.
In the ninth assignment of error, appellant contends that the court erred in allowing the prosecutor to question the defendant whether he had asked an investigator to get his clothes out of his trunk and then failed to present any evidence that the appellant had made the request. The record *1352 shows the following questions and answers pertaining to this assignment of error:
A. I had a little money, I could have bought me some.
Q. In three days, you didn't buy or change your clothes, is that right?
A. It was three days I didn't.
Q. It is your testimony that you left all your clothes at home, is that right?
A. Yes, sir.
Q. Do you remember asking Investigator Boozer to get your clothes out of the trunk of that car for you?
A. No.
Q. You didn't ask him that?
A. No, sir, I didn't.
Q. Do you remember talking to him?
A. I don't even know him.
Q. You never heard of him?
A. I don't know none of the officers.
Q. But you did talk to some officers?
A. Well, the only time I talked to them they had me in the office and asked me about the marijuana.
Q. But you didn't ask him to get your clothes for you, did you?
A. No, sir, because I didn't have any in there.
After the state and the defendant had rested, appellant's counsel made a motion for a mistrial based on the above questions. Appellant's counsel, in arguing the motion, stated he assumed the prosecution would attempt to show in rebuttal that the appellant had asked an officer to get his clothes out of the trunk of the automobile, but the state did not call any witness to show appellant made the request. Appellant argues that it was an attempt to place nonexistent evidence before the jury, and was highly prejudicial to him.
In Collins v. State, 408 So.2d 1376 (Miss. 1982), the Court reversed and remanded for a new trial and stated:
The reference to non-existent testimony, the innuendos arising from the defendant's not calling witnesses, which were readily available to the state, and the beliefs of the assistant district attorney, again not supported by the evidence, were such that they could not be removed, in our judgment, from the minds of the jurors by the judge's admonishments. As is evident this case presents a close question as to the guilt of Collins. (408 So.2d at 1380)
In Stewart v. State, 263 So.2d 754 (Miss. 1972), defendant was questioned about a series of burglaries, with no evidence presented to show that he committed the burglaries. Other prejudicial errors were present in Stewart, so this Court reversed and remanded for a new trial.
This is the most serious argument of appellant for a reversal; however, the evidence of his guilt was not close as in Collins and other prejudicial matters did not appear as in Stewart. We hold that this was error but are of the opinion that it was harmless error.
In his tenth assignment of error, appellant contends that the court erred in overruling defendant's objection to improper closing argument by the state. We have carefully considered this and find that the state's attorney was merely repeating some of the argument previously made to the jury by defense counsel as follows:
My very distinguished opponent in this case, the very able trial lawyer, Hob Bryan, has told you first of all that he has no argument with the facts of the State's case. Now ask yourself, did you hear argument with the facts you were to hear; did you hear protestations? There is no argument,  ask yourself, is that really what happened here and I agree we are not here to decide if Percy is a nice fellow.
BY MR. BRYAN: Your Honor we object on the basis of that comment and move for a mistrial. He is apparently referring to my efforts to get evidence suppressed.
BY JUDGE GARDNER: Overruled.
In opening his argument, appellant's counsel stated:
Ladies and gentlemen of the jury, we have here somewhat of an interesting case and I am here to tell you that everything that you heard from the witness *1353 stand here today is true. The Defendant has absolutely no argument with anything that any witness for the State testified to. We agree, and couldn't agree more, that everything that the police officers have said, everyone from the Narcotics Department has said, is true and we are not disputing the testimony of anybody. We agree with what the police officers have said; we agree with everything that the State's witnesses have said. What I am here to tell you is that the State has not proven their case, they have not proven Percy Burns guilty beyond a reasonable doubt. Now on voire dire I asked you and all of you said that we weren't here to determine if Percy Burns was a nice fellow or not. I am not asking you to invite Percy Burns home for supper, we are not here to decide if he is a nice fellow or a mean fellow. .. .
Appellant contends that the argument of the state's attorney quoted above was a reference to his attempt to suppress evidence against him. We do not view the remarks of the state's attorney in such light, but are of the opinion that the state's attorney were merely reiterating some of the statements made by appellant's own counsel as a preface to his closing argument. We find no merit in this assignment of error.
In his eleventh assignment of error appellant argues that his sentence was more than permitted by statute.
Burns was indicted for possessing, with the intent to distribute or deliver, a quantity of marijuana. No quantity was set forth in the indictment. The state concedes in its brief that appellant was erroneously sentenced and stated the following:
As revealed by the record in this cause, the charge as laid in the indictment does not specify the amount or quantity of the marijuana involved in the commission of the offense. Therefore, in view of those decisions rendered by this Court in Broadus v. State, 392 So.2d 203 (Miss. 1980) and White v. State, 374 So.2d 225 (Miss. 1979), appellee must concur with appellant insofar as it is urged that this cause be remanded to the trial court for the imposition of an appropriate sentence not to exceed that prescribed by § 41-29-139(b)(3), Miss. Code Ann. (1972).
Our statutory law provides for two different crimes involving the possession of marijuana with intent to deliver or distribute, each with different penalties, depending on the amount of marijuana in question.
(1) If less than a kilogram but more than an ounce of marijuana is possessed with intent to deliver, a defendant could receive 20 years imprisonment and a $30,000 fine. Section 41-29-139(b)(2) Miss. Code Ann. (1972). (2) If one ounce or less of marijuana is possessed with intent to deliver a defendant may receive a maximum of three years and a $3,000 fine. Section 41-29-139(b)(3) Miss. Code Ann. (1972).
The indictment did not specify the amount of marijuana in possession of appellant. Appellant could have been indicted under either of the two statutes heretofore mentioned. We are unable to ascertain from the indictment which one of the two statutes appellant was indicted under; therefore, we are compelled to apply the rule laid down in Grillis v. State, 196 Miss. 576, 17 So.2d 525 (1944) in which the Court stated:
The case, then, is one for the application of the rule that when the facts which constitute a criminal offense may fall under either of two statutes, or when there is substantial doubt as to which one of the two is to be applied, the case will be referred to the statute which imposes the lesser punishment. (196 Miss. at 586, 17 So.2d at 527).
Accordingly, we hold that the sentence imposed was excessive and we remand the case for resentencing under section 41-29-139(b)(3) Miss. Code Ann. (1972). The maximum sentence allowed under this section is imprisonment for three years and a fine of $3,000.
Conviction affirmed, but remanded for resentencing.
AFFIRMED AND REMANDED.
*1354 PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
NOTES
[1] Sitting pursuant to Section 9-3-6 Miss. Code Ann. (Supp. 1982). The opinion is adopted as the opinion of the Court.