556 So.2d 342 (1990)
Isaiah BECKHAM
v.
STATE of Mississippi.
No. 07-58753.
Supreme Court of Mississippi.
January 17, 1990.
Ross Parker Simons, Pascagoula, for appellant.
Mike C. Moore, Atty. Gen., John R. Henry, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and ROBERTSON and SULLIVAN, JJ.
HAWKINS, Presiding Justice, for the Court:
Isaiah Beckham was convicted of armed robbery in the circuit court of Jackson County and sentenced to life imprisonment. While incarcerated in the county detention center awaiting transportation to Parchman, he escaped on May 3, 1980. Thereafter he was indicted for this escape, and also as a habitual offender under Miss. Code Ann. § 99-19-83 (Supp. 1979).
He was convicted of this escape and as a habitual offender sentenced to life imprisonment without parole. He has appealed, claiming that under Miss. Code Ann. § 97-9-45 he was only guilty, at most, of a *343 misdemeanor in making his escape from the detention center.
We affirm.

FACTS
The indictment did not specify which escape statute was used to convict Beckham. There were two applicable statutes in effect at the time of his escape.
Miss. Code Ann. § 97-9-45 (Supp. 1979) reads in part:
If any person sentenced to the penitentiary for any term less than for life shall escape, or shall escape from custody before confinement therein, he shall, upon conviction, be punished by imprisonment in such prison for a term not exceeding five (5) years, to commence from and after the expiration of the original term of his imprisonment as extended in consequence of such escape, and shall forfeit all earned time toward a parole; provided, however, that if any person sentenced to the penitentiary for life shall escape, he shall, upon conviction, forfeit all earned time toward a parole.
Miss. Code Ann. § 97-9-49 (Supp. 1979) reads in part:
If any person confined in any jail upon any conviction for a criminal offense shall escape therefrom, or shall escape from custody before confinement therein, he shall, upon conviction, be punished by imprisonment in the penitentiary not exceeding two (2) years, or in such jail not exceeding one (1) year to commence from the expiration of his former sentence.
According to Grillis v. State, 196 Miss. 576, 586, 17 So.2d 525, 527 (1944):
[W]hen the facts which constitute a criminal offense may fall under either of two statutes, or when there is substantial doubt as to which of the two is to be applied, the case will be referred to the statute which imposes the lesser punishment.
Grillis, however, does not require the State to prosecute under the statute with the lesser penalty. In Cumbest v. State, 456 So.2d 209, 222 (Miss. 1984), this Court held:
[T]he state is under no obligation to prosecute under the statute with the lesser penalty. It may choose to prosecute under either, and so long as the choice is clear and unequivocal the defendant has no right to complain.
Yet if the indictment is ambiguous, the accused can only be punished under the statute with the lesser penalty. Weaver v. State, 497 So.2d 1089, 1092 (Miss. 1986). The indictment here is silent as to the applicable statute.
Since Miss. Code Ann. § 97-9-45 simply takes away earned time toward parole as opposed to a possible sentence of up to two years under Miss. Code Ann. § 97-9-49, Grillis and Weaver require that Miss. Code Ann. § 97-9-45 apply.
As noted, Beckham was convicted of escape, and also convicted and sentenced under Miss. Code Ann. § 99-19-83 as a habitual offender. Miss. Code Ann. § 99-19-83 provides:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
Beckham's escape conviction must constitute a felony in order for Miss. Code Ann. § 99-19-83 to apply. A felony is defined as: "any violation of law punished with death or confinement in the penitentiary." Miss. Code Ann. § 1-13-11 (1972).
Beckham contends that forfeiture of earned time toward parole does not constitute a felony according to Miss. Code Ann. *344 § 1-3-11.[1] Thus, he believes his conviction under Miss. Code Ann. § 99-19-83 should be reversed.
To hold in favor of Beckham, however, would create an absurd result. Those not serving life sentences would be convicted of a felony under Miss. Code Ann. § 97-9-45 if they escaped, but those serving life sentences would only be guilty of a misdemeanor. This could not be the intent of the Legislature. In Aikerson v. State, 274 So.2d 124, 127 (Miss. 1973), this Court held:
We have also said that we will not impute an unjust or unwise purpose to the legislature when any other reasonable construction can save it from such imputation.
The definition of a felony, however, simply requires "confinement in the penitentiary." Forfeiture of earned time toward parole in effect confines Beckham to the penitentiary for a period of time. Thus, his escape conviction does constitute a felony and sentencing under Miss. Code Ann. § 99-19-83 was proper.
AFFIRMED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
NOTES
[1] Miss. Code Ann. § 1-3-11 reads:

The term "felony," when used in any statute, shall mean any violation of law punished with death or confinement in the penitentiary.