# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 93-CT-00176-SCT

*JOHN W. CLUBB*

*v.*

*STATE OF MISSISSIPPI*

### ON PETITION FOR WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 1/11/93 |
| TRIAL JUDGE: | HON. EUGENE M. BOGEN |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RABUN JONES |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CHARLES W. MARIS, JR. |
| DISTRICT ATTORNEY: | NA |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED FOR RESENTENCING - 4/11/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/2/96 |

**EN BANC.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. This Court granted a petition for writ of certiorari filed by John W. Clubb after the Court of Appeals affirmed the decision of the Circuit Court of Washington County. The lower court sentenced Clubb to serve a term of ten years on count I of the conviction, conspiracy to to sell a quantity of marijuana in violation of Miss. Code Ann. § 97-1-1(1972). We now reverse and remand the case for resentencing on count I.

¶2. John W. Clubb was indicted on three charges by a grand jury in the Circuit Court of Washington County in the April 1992 term. Count I of the indictment charged Clubb with conspiracy to sell "a quantity of marijuana" in violation of Miss. Code Ann. § 97-1-1 (1972); count II with sale of more than one ounce but less than a kilogram of marijuana in violation of Miss. Code Ann. § 41-29-139 (1972); and count III with possession with intent to sell more than a kilogram of marijuana in violation of Miss. Code Ann. § 41-29-139 (1972).

¶3. Clubb was tried on January 11, 1993, and the jury found Clubb guilty as charged on all three counts. The trial court thereafter sentenced Clubb to serve a term of ten years on count I; a term of twenty years on count II, to run consecutively to count I; and a term of twenty years on count III, to run concurrently with counts I and II, for a total of thirty years. Clubb was also fined $10,000 dollars on each of the two latter convictions, and his truck was forfeited.

¶4. The Court of Appeals affirmed the decision of the lower court on September 5, 1995. Clubb's petition for rehearing was denied on November 28, the order entered December 12, 1995, and his petition for writ of certiorari was filed with this Court on December 19, 1995. The petition for writ of certiorari was granted on January 25, 1996.

## FACTS

¶5. John Clubb testified that he picked up Greg Hargrove, a hitchhiker, at a rest stop between Tuscalousa and Union, Alabama. Clubb possessed marijuana at the time and Hargrove suggested that his brother Carl, in Greenville, could help them sell the marijuana. Either Clubb or Hargrove called Carl and told him that they had seven pounds of marijuana to sell for $6,000, or $1,000 to $1,200 per pound. Carl agreed that he would obtain a purchaser for the marijuana.

¶6. Unknown to Clubb or Hargrove, Carl was working with the Special Operations Unit of the Greenville police. Under police surveillance, Carl and an undercover police officer met with Clubb and Hargrove at a motel to conduct the sale. Clubb showed the marijuana to the officer and indicated that he wanted to sell it. The officer purchased one pound, leaving about five pounds of marijuana in the motel room. On the police officer's signal, the room was raided and Clubb and Hargrove were arrested.

¶7. Clubb was indicted on three counts: conspiracy to sell "a quantity" of marijuana, sale of more than one ounce but less than one kilogram of marijuana, and possession with the intent to sell more than one kilogram of marijuana. Clubb was convicted of all three counts and sentenced to serve ten years on the conspiracy charge, twenty years on the sale charge, to run consecutively to the conspiracy sentence, and twenty years on the possession with intent to sell charge, to run concurrently with the other sentences. In practical effect, he was sentenced to a total of thirty years. He was also fined and his truck and cash were forfeited.

¶8. The Court of Appeals affirmed the lower court's decision and denied Clubb's petition for rehearing. Clubb filed a petition for writ of certiorari which this Court granted. The sole issue raised for review on petition for writ of certiorari is:

**I. THE TRIAL COURT EXCEEDED ITS STATUTORY AUTHORITY IN SENTENCING JOHN W. CLUBB TO TEN YEARS ON THE CONSPIRACY COUNT; AND, ACCORDINGLY, THIS CAUSE SHOULD BE REMANDED FOR RESENTENCING ON COUNT I.**

¶9. Clubb argues that the lower court erred in sentencing him to ten years on his conspiracy conviction, and that the Court of Appeals's affirmance of that sentence is in conflict with prior decisions of this Court. Specifically, Clubb argues that the proper sentence on the conspiracy count is controlled by the quantity of marijuana stated in the indictment for the conspiracy count. The indictment reads as to count I:

> That John W. Clubb and Gregory W. Hargrove . . . did unlawfully, wilfully and feloniously conspire . . . . to sell and deliver *a quantity [unspecified] of marijuana* to Chuck Cullum for money, in violation

of section 41-29-139, of the Mississippi Code of 1972, as amended . . . .

(emphasis added).

¶10. Two different statutes could be used in determining a sentence for Clubb, and Clubb argues that because the indictment for conspiracy was silent as to the amount of marijuana, the statute resulting in the lesser sentence should be applied in pronouncing sentence on the conspiracy count, pursuant to Mississippi case law. Instead, the lower court imposed a sentence pursuant to the statute mandating the greater sentence, and the Court of Appeals affirmed that sentence in contradiction to published cases of this Court.

¶11. The lower court would have found it necessary to review several statutes in computing Clubb's sentence. Miss. Code Ann. § 97-1-1, the conspiracy statute penalty provision, reads in pertinent part:

> **Conspiracy.** If two (2) or more persons conspire either :
>
> (h) To accomplish any unlawful purpose, or a lawful purpose by any unlawful means; such persons, and each of them, shall be guilty of a felony and upon conviction may be punished *by a fine of not more than five thousand dollars ($5,000) or by imprisonment for not more than five (5) years, or by both.*
>
> Provided, that where the crime conspired to be committed is capital murder or murder as defined by law or *is a violation of section 41-29-139(b)(1) or section 41-29-139(c)(2)(D), Mississippi Code of 1972, being provisions of the Uniform Controlled Substance Law, the offence shall be punishable by a fine of not more than five hundred thousand dollars ($500,000) or by imprisonment for not more than twenty (20) years, or by both.*

(emphasis added).

¶12. In imposing a ten year sentence, the trial court necessarily found that Clubb's conviction fell within the parameters of the emphasized portions of the second paragraph of the above statute.

¶13. Section 41-29-139(c)(2)(D) applies to simple possession of more than one kilogram of marijuana. Therefore, section 41-29-139(b)(1) would be the section applied by the lower court, since Clubb was charged in Count I with conspiracy and agreeing to sell an unspecified quantity of marijuana to Chuck Cullum. Club was not charged with conspiracy to possess. Miss. Code Ann. § 41-29-139(b)(1) provides in pertinent part:

> (b) Except as otherwise provided in subsection (f) of this section or in section 41-29-142, any person who violates subsection (a) of this section shall be sentenced as follows:
>
> (1) In the case of controlled substances classified in Schedule I or II, as set out in sections 41-29-113 and 41-29-115, except one (1) ounce or less of marijuana *and except a first offender as defined in section 41-29-149(e) who violates subsection (a) of this section with respect to less than one kilogram but more than one ounce of marijuana*, such person may, upon conviction, be imprisoned for not more than thirty (30) years and shall be fined not less than One Thousand Dollars ($1,000) nor more than One Million Dollars ($1,000,000) or both . . . .

(emphasis added).

¶14. The emphasized language excludes from the coverage of section (b)(1) a first offender who sells less than a kilogram but more than one ounce of marijuana. In imposing the ten- year sentence, the court failed to consider, in arriving at the sentence, that Clubb was a first- time offender, and that the quantity of marijuana sold to Officer Cullum was less than one kilogram of marijuana.

¶15. Scrutiny of count I of the indictment discloses that the charged conspiracy stated "planning and agreeing to sell and deliver a quantity of marijuana [the amount being unspecified] to Chuck Cullum." *The amount of marijuana Clubb and Hargrove agreed to sell to Cullum was more than one ounce, but less than a kilogram.* Nobody disagrees that Clubb and Hargrove had more than one kilogram in their possession. But the amount actually sold, and the conviction was for, the "sale of more than an ounce but less than one kilogram of marijuana."

¶16. There is no dispute that Clubb is a first offender. Accordingly, the maximum sentence Clubb could receive for his conspiracy conviction would depend upon the amount of marijuana he conspired to sell. If he conspired to sell less than one kilogram of marijuana, he would not fall within the parameters of § 41-29-139(b)(1), and his sentence would be governed by the first paragraph of § 97-1-1(h), which would limit his maximum sentence to five years. On the other hand, if his conspiracy involved more than one kilogram, he would fall within the confines of § 91-1-1(h), and his maximum sentence could have been up to twenty years.

¶17. Under our case law, the issue of the proper sentence in this case turns not upon the proof which was presented at trial as to the amount of marijuana in Clubb's possession, but is instead controlled by the fact that Clubb's indictment fails to specify what quantity of marijuana he conspired to sell.

¶18. As held by this Court in *Beckham v. State*, 556 So. 2d 342, 343 (Miss. 1990), where two or more statutes could apply to the same conduct, the State is not required to prosecute an individual under a statute providing for a lesser penalty. But where two or more statutory provisions could apply to the defendant's conduct, and the indictment itself is ambiguous as to which statute is being charged, a defendant may be sentenced only under the provision providing the lesser penalty.

> Yet if the indictment is ambiguous, the accused can only be punished under the statute with the lesser penalty. *Weaver v. State*, 497 So. 2d 1089, 1092 (Miss. 1986). The indictment here is silent as to the applicable statute.

*Beckham*, 556 So. 2d at 343. *See also Weaver v. State*, 97 So. 2d 1089, 1092 (Miss. 1986); *Curelton v. State*, 438 So. 2d 278 (Miss. 1983); *Cumbest v. State*, 256 So. 2d 751, 753 (Miss. 1970).

¶19. In *Burns v. State*, 438 So. 2d 1347 (Miss. 1983), the defendant's indictment failed to specify the quantity of marijuana the defendant allegedly possessed. The proof in that case clearly showed that the defendant possessed 107 hand rolled marijuana cigarettes and 32 bags of marijuana in a paper sack. Under the statutes in effect at that time, if the defendant possessed more than an ounce of marijuana, his sentence could have been up to twenty years, but if he possessed less than an ounce, his maximum sentence would have been three years.

¶20. This Court, citing numerous cases, held that the maximum sentence for Burns was the three year sentence. *Id.* at 1353. This was the appropriate sentence to be imposed despite the fact that the evidence presented at trial showed possession of a quantity of marijuana much greater than one ounce. We held:

Burns was indicted for possessing with the intent to distribute or deliver, a quantity of marijuana. No quantity was set forth in the indictment. The State concedes in its brief that appellant was erroneously sentenced[1] and stated the following: "as revealed by the record in this cause, the charge as laid in the indictment does not specify the amount or quantity of the marijuana involved in the commission of the offense. Therefore, in view of those decisions rendered by this Court in *Broadus v. State*, 392 So. 2d 203 (Miss. 1980), and *White v. State*, 374 So. 2d 225 (Miss. 1979), appellee must concur with appellant insofar as it is urged that this cause be remanded to the trial court for the imposition of appropriate sentence . . . ."

*Burns*, 438 So. 2d at 1353.

¶21. *Ivy v. State*, 589 So. 2d 1263 (Miss. 1991), is also instructive. *Ivy* involved a charge of possession of more than one ounce of marijuana with intent to transfer. The indictment was silent as to whether the amount possessed was greater or less than one kilogram. The evidence disclosed, on the other hand, that the defendant was actually in possession of thirteen pounds of marijuana--an amount in excess of one kilogram. Because the indictment did not specify that Ivy possessed more than one kilogram of marijuana and because he was also a first offender, we held that Ivy should have been sentenced under section 41-29-139(b)(2) instead of subsection (b)(1).

¶22. In other words, despite the fact that subsection (b)(2) only applies to amounts of marijuana greater than one ounce (which was set forth in Ivy's indictment), but less than one kilogram (Ivy's indictment being silent on this question), we held that the statute applicable to possession of less than one kilogram with intent to sell would be applicable. *Ivy*, 589 So. 2d at 1264 (indictment charging defendant with possession of more than one ounce of marijuana with intent to transfer; required punishment of defendant under statute which provided for lesser penalty, where amount of marijuana possessed was not further specified).

¶23. We further held in *Burns*:

Our statutory law provides for two different crimes involving the possession of marijuana with the intent to deliver or distribute, each with different penalties, depending upon the amount of marijuana in question.

. . . .

The indictment did not specify the amount of marijuana in possession of appellant. Appellant could have been indicted under either of the two statutes heretofore mentioned. We are unable to ascertain from the indictment which one of the two statues appellant was indicted under; therefore, we are compelled to apply the rule laid down in *Grillis v. State*, 196 Miss. 576, 17 So. 2d 525 (1944) . . . .

*Burns*, 438 So. 2d at 1353.

¶24. The rule we established in *Grillis v. State* was as follows:

The case, then, is one for the application of the rule that when the facts which constitute a criminal offense may fall under either of two statutes, or when there is a substantial doubt as to which one of the two is to be applied, the case will be referred to the statute *which impresses the lessor punishment*.

*Grillis,* 196 Miss. at 586, 17 So. 2d at 527 (emphasis added).

¶25. In *Broadus v. State*, 392 So. 2d 203, 205 (Miss. 1980) this Court held:

> [B]ut since the indictment did not specify the amount of marijuana sold, punishment would be imposed under section 41-29-139(c)(2)(B) Mississippi Code Annotated (Supp. 1977) which provides for a lesser penalty than section 41-29-139(c)(2)(A) Mississippi Code Annotated (Supp. 1971) . . . . In *White v. State*, 374 So.2d 225 (Miss. 1979) we held that when the facts which constitute a criminal offense may fall under either of two statutes, the statute which imposes the lesser punishment will apply. *Accord. Grillis v. State*, 196 Miss. 576, 17 So.2d 525 (1944).

*Broadus*, 392 So. 2d at 205.

¶26. In order to sentence Clubb to the maximum sentence of twenty years under the conspiracy statute, section Miss. Code Ann. § 97-1-1, it is necessary that the State specify in the indictment that Clubb conspired to sell an amount of marijuana in excess of one kilogram. In the absence of a specified amount in the conspiracy indictment, the above-cited cases mandate that Clubb's sentence must be that set by that portion of the conspiracy statute which sets the lesser penalty, Miss. Code Ann. § 97-1-1(h), which states:

> To accomplish any unlawful purpose, or a lawful purpose by any unlawful means; such persons, and each of them, shall be guilty of a felony and upon conviction may be punished by a fine of not more than five thousand dollars ($5,000) or by imprisonment for not more than five (5) years, or by both.

¶27. Accordingly, the maximum penalty which the trial court was authorized to pronounce was five years and/or a $5,000 fine. Consequently, this cause must be remanded for resentencing under count I, the conspiracy count.

¶28. In erroneously affirming the trial court's imposition of a ten-year sentence on the conspiracy charge, the Court of Appeals held:

> The Mississippi Code provides that upon conviction of the crime of conspiracy, an individual "may be punished . . . by imprisonment for not more than five (5) years . . . ." Miss. Code Ann. § 97-1-1(h) (1972). The Code further provides: "where the crime conspired to be committed . . . is a violation of section 41-29-139(b)(1) . . . Mississippi Code of 1972, . . . the offense shall be punishable . . . by imprisonment for not more than twenty (20) years . . . . Miss. Code Ann. § 41-29-139(b)(1). He was sentenced to 10 years on this charge.

> The relevant question posed by these provisions is whether Clubb conspired to possess more than one kilogram of marijuana with the intent to sell, even though he entered an agreement with the undercover policeman to sell less than a kilogram. The quantity of marijuana *actually* sold to the officer is not the measure of how much marijuana Clubb conspired to sell.

Court of Appeals opinion at 3.

¶29. The Court of Appeals never addresses the issue of the indictment for conspiracy's failure to state a definitive quantity of marijuana, stating that "John Clubb and Gregory W. Hargrove did unlawfully and feloniously 'conspire . . . to commit a crime . . . by planning and agreeing to sell and deliver *a quantity of marijuana* to Chuck Cullen' . . . ." (emphasis added).

## CONCLUSION

¶30. Our case law mandates that the amount of marijuana stated in the indictment for conspiracy dictates the resulting sentence for conspiracy, and that when the indictment is vague, ambiguous, or silent as to the amount, and two possible statutes apply, the statute with the lesser sentence must be applied for sentencing purposes on the conspiracy count.

¶31. The judgment is accordingly reversed and the cause remanded to the Circuit Court of Washington County, Mississippi for resentencing on count I, conspiracy to sell marijuana.

¶32. **REVERSED AND REMANDED TO THE CIRCUIT COURT OF WASHINGTON COUNTY, MISSISSIPPI FOR RESENTENCING.**

**PRATHER, P.J., BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR. LEE, C.J., AND PITTMAN, J., NOT PARTICIPATING.**

1. Here the State also concedes that Clubb's argument was correct as to the sentence for conspiracy ("Clubb did not object when a ten-year sentence was pronounced upon his conviction of conspiracy. If he is excused for that omission, it appears that his argument may be correct.") Brief for appellee, summary of the argument, p. 3