KITCHENS, Justice,
Dissenting:
¶ 14. I respectfully disagree with today’s decision that the indictment sufficiently charged Jeremy Winters with felony DUI. Because the indictment was incurably ambiguous as to whether Winters was charged 'with a felony or a misdemeanor, the trial court should not have sentenced him for a felony, only for a misdemeanor. Clubb v. State, 672 So.2d 1201, 1206 (Miss.1996). Therefore, I would reverse the judgment and remand the case for resentencing under Mississippi Code Section 63-11-30(3)(d) (Rev.2004).
¶ 15. Winters was indicted for violating Mississippi Code Section 63 — 11—30(l)(c), and an essential element under subsection (l)(c) is blood-alcohol content: .02% or more for minors and .08% or more for adults. Sentencing, and hence whether the crime is classified as a misdemeanor or felony, is determined by subsections (2) or (3) and is dependent upon age, blood alcohol content (BAC), and the number of the defendant’s prior DUI convictions, if any. Miss.Code Ann. § 63-11-30(2), (3) (Rev. 2004). Subsection (3), the so-called “Zero Tolerance for Minors” law, sets out lesser penalties for persons who are under the age of twenty-one years and have a BAC of more than .02% but less than .08%.
¶ 16. Winters’s indictment did not indicate whether the State was seeking penalties under subsection (2) or (3). Being under the age of twenty-one years at the time, Winters could have been sentenced under subsection (2) for a felony only if his BAC was .08% or higher. However, the Winters indictment alleged that the accused’s BAC was “.02% or more,” thus implicating subsection (3), the Zero Tolerance for Minors law. Winters’s indictment also alleged that he “feloniously” operated a vehicle while under the influence, thus implicating subsection (2), which provides for a greater penalty.
¶ 17. Given the inherent conflict, in this context, between the language .02% or more and feloniously, our law mandates that Winters be given the lesser sentence. “[I]f the indictment is ambiguous, the accused can only be punished under the statute with the lesser penalty.” Clubb, 672 So.2d at 1206 (quoting Beckham v. State, 556 So.2d 342, 343 (Miss.1990)). Therefore, in cases involving controlled substances where the amount was not specified in the indictment, this Court consistently has held that the defendant must receive the lesser sentence. Clubb, 672 So.2d at 1206; Ivy v. State, 589 So.2d 1263, 1264 (Miss.1991); Burns v. State, 438 So.2d 1347, 1353 (Miss.1983); Broadus v. State, 392 So.2d 203, 205 (Miss.1980). As with violations of our controlled substances laws, driving under the influence under Section 63 — 11—30(1)(c) requires proof of quantity. That the essential element in the present case is blood-alcohol content, rather than the weight or the number of dosage units of a controlled substance, is immaterial to our analysis, and there is no relevant distinction between the legal principles governing drug cases and the case before us.
¶ 18. My colleagues in the majority attempt to distinguish Broadus on several grounds. First, the majority finds it noteworthy that the indictment in the Broadus case was completely silent about the amount of marihuana, while Winters’s indictment specifies a BAC of .02% or more. This is a distinction without a difference, and we have said clearly that an indictment is flawed when it is “vague, ambiguous, or silent as to the amount.” Clubb, 672 So.2d at 1206 (emphasis added). Here, there can be no reasonable disagreement *1178 that “.02% or more” and “feloniously” render the indictment ambiguous regarding the grade (misdemeanor or felony) of the offense with which Winters was charged.
¶ 19. Second, the majority declares that “the indictment listed all of Winters’s prior convictions for DUI, which should have put him on notice that the State intended to pursue a conviction for a third or subsequent DUI.” Again, this does not justify the trial judge’s imposition of a felony sentence, because the Zero Tolerance for Minors law also provides a greater sentence for subsequent convictions. Specifically, subsection (3)(d) provides:
For any third or subsequent conviction of any person under the age of twenty-one (21) years violating subsection (1) of this section, the offenses being committed within a period of five (5) years, such person shall be fined not more than One Thousand Dollars ($1,000.00) and shall have his driver’s license suspended until he reaches the age of twenty-one (21) or for two (2) years, whichever is longer.
Miss.Code Ann. § 63 — 11—30(3)(d). Indeed, Winters has not denied his prior convictions; he simply argues that he should have been sentenced under subsection (3)(d).
¶ 20. Third, the majority finds that the word “feloniously” and the heading “Felony DUI MCA Section 63-ll-30(l)(c)” somehow cure the ambiguity. But, as explained above, it is exactly these words, when coupled with an allegation of blood-alcohol content of “.02% or more,” that create the ambiguity. Listing “Section 63 — 11—30(1) (c)” in the heading likewise is of no help, because one who violates subsection (l)(c) may be guilty of either a misdemeanor or a felony. Moreover, to say that language in the heading or caption of an indictment, which in reality is editorial in nature, or citation to the statute, can heal the ills found in the formal, charging language, is to elevate form over substance, a practice this Court historically has repudiated. See e.g., Golden v. State, 968 So.2d 378, 386 (Miss.2007) (where there is a conflict between. the heading of an indictment and the substance of the charging document, the language of the indictment controls); Pearson v. State, 248 Miss. 353, 358-59, 158 So.2d 710, 712 (1963) (“[I]t is not ordinarily necessary to designate the statute under which an indictment is drawn, and an indictment which properly charges the commission of a crime, in the language of the statute, or in words aptly describing or charging the offense, is sufficient.” (citations omitted)); Dendy v. State, 224 Miss. 208, 213, 79 So.2d 827, 829 (1955) (“[R]ef-erence to the code section in the indictment was surplusage and unnecessary to the charge of the crime for which appellant was tried.”).
¶ 21. Finally, the majority reasons that “[t]he addition of the words ‘or more’ could be read to include a BAC of up to .08% or even higher.” (Emphasis added.) Yet, it is equally likely that the words “.02% or more” could be read to mean something less than .08%. The majority’s speculation that the indictment might have charged a felony is in direct contradiction to the longstanding and well-established requirement that an indictment be “a plain, concise and definite written statement of the essential facts constituting the offense chai*ged and shall fully notify the defendant of the nature and cause of the accusation.” URCCC 7.06 (emphasis added). See also Nguyen v. State, 761 So.2d 873, 875 (Miss.2000); State v. Hoffman, 508 So.2d 669, 671 (Miss.1987). “Could be” is not “definite,” and it certainly cannot satisfy our constitutions’ guarantees of due process of law and notice of criminal accusations. U.S. Const, amends. VI, XIV; Miss. Const. art. 3, §§ 14, 26.
*1179 ¶ 22. While we have numerous cases, statutes, and a uniform rule that speak to the importance of a properly drafted indictment, we must not forget that these laws serve to protect greater constitutional guarantees. U.S. Const, amends. VI, XIV; Miss. Const. art. 3, §§ 14, 26. “It is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made.” Cole v. Arkansas, 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948) (citing De Jonge v. Oregon, 299 U.S. 353, 362, 57 S.Ct. 255, 81 L.Ed. 278 (1937)). Hence, due process of law requires that when the facts alleged in the indictment could fall under either of two statutes, the statute which imposes the lesser punishment must apply. Grillis v. State, 196 Miss. 576, 17 So.2d 525 (1944). Because the majority fails to honor this venerable rule, I respectfully dissent.
GRAVES, P.J., JOINS THIS OPINION.