317 So.2d 23 (1975)
Betty Lou TATE
v.
STATE of Mississippi.
No. 48469.
Supreme Court of Mississippi.
July 14, 1975.
Johnson & Walker, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Wayne Snuggs, Special Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, SMITH and WALKER, JJ.
GILLESPIE, Chief Justice.
Betty Lou Tate was tried in the Circuit Court of Hinds County and convicted of murdering Louis C. Bass. The State's version of the facts, amply established by the testimony, is as follows.
The defendant was living with Louis C. Bass, by whom she had two children. She went to Stein's Grill and sat down at a table with one of her friends. Shortly thereafter Ruby McClendon came in and sat down at a table and a few minutes later, Louis C. Bass came in and sat down at the *24 table with Ruby McClendon, put his arm around her and began hugging her. Someone was taking their picture. Defendant went over to the table and asked Ruby McClendon if she was going with Louis Bass and the reply was, "No." Defendant then told Ruby McClendon that she had two kids by Bass and that she was his woman. Defendant went in the pool room, and Bass came in behind her and started cursing and told her not to be saying anything to Ruby McClendon. Defendant then went to her home and got her mother's pistol and came back to Stein's Grill and waited outside and thereafter met Bass in the doorway. She shot him once in the heart.
Defendant argues that prejudicial error was committed when the district attorney asked Emma G. Ratliff, a defense witness, if she did not follow state's witness Ruby McClendon to the rest room and stare at her while Ruby McClendon was waiting to testify. We hold that no error resulted from this cross-examination. A witness may be examined as to his feelings about a case, his interest, bias, motives or hostility. Shorter v. State, 257 So.2d 236 (Miss. 1972).
It is next contended that error was committed in admitting into evidence a small photograph depicting the deceased's upper torso which showed the bullet wound. The picture was not in color and was not a gruesome photograph. Its admission into evidence was a matter for the sound discretion of the trial court. Ford v. State, 227 So.2d 454 (Miss. 1969).
It is next contended that the trial court erred in admitting defendant's written confession. It is contended that Officer C.M. Crisco only stated that he advised defendant of her rights without stating what those rights were. There is no merit in this contention for the written waiver signed by defendant contained an accurate statement of the defendant's rights under Miranda.
Officer J.D. Savell, who answered the call to Stein's Grill after the shooting, testified that when defendant got in his patrol car after her arrest she insisted on telling him why she had shot the deceased. He testified that he advised defendant of her rights; that he had a card with the Miranda rights on it and he read them to her, including her right to remain silent; that she did not have to answer any questions; that she had a right to an attorney; that she did not have to answer any questions until an attorney was present, and if she could not afford one, one would be appointed for her; and that anything she said could be used against her in court. The defendant replied, "I still want to tell you why I did it," and then made an oral confession which was substantially the same as her later written confession.
It would have been appropriate for the state to have taken the precaution to reintroduce Officers Savell and Crisco after defendant testified on the preliminary hearing to suppress the statement. She testified that certain inducements and threats had been made by the officers. The testimony of the two officers given before defendant testified was a sufficient denial of her testimony to justify the court's finding that the confession was voluntary, since they were the only officers present when defendant was questioned and when the confession was signed. Moreover, the defendant had made an oral confession immediately after her arrest after being advised of her Miranda rights, which was admitted without objection.
Defendant raises two questions concerning the instructions to the jury, but after careful consideration we are of the opinion that there is no merit in these contentions.
Finally, defendant contends she is entitled to a new trial because she should have been acquitted of the crime of murder *25 since there was not sufficient evidence to sustain the charge. We are of the opinion that the question of defendant's guilt of the charge of murder was for the jury. Finding no reversible error, the judgment is affirmed.
Affirmed.
RODGERS, P.J. and PATTERSON, INZER, ROBERTSON, SUGG and BROOM, JJ., concur.