374 So.2d 225 (1979)
Arthur WHITE
v.
STATE of Mississippi.
No. 51376.
Supreme Court of Mississippi.
August 22, 1979.
*226 John R. Poole, Jackson, for appellant.
A.F. Summer, Atty. Gen. by Phillip H. Schwartz, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and SUGG and WALKER, JJ.
SUGG, Justice, for the Court:
Arthur White was convicted of kidnapping and sentenced to life imprisonment by the Circuit Court of the First Judicial District of Hinds County. The only assignment of error is that defendant should have been sentenced under section 97-3-51 Mississippi Code Annotated (1972) instead of section 97-3-53 Mississippi Code Annotated (Supp. 1978). The code sections and the indictment in this case follow:
§ 97-3-51. Kidnapping.

Every person who shall, without lawful authority, forcibly seize and confine any other, or shall inveigle or kidnap any other with intent to cause such person to be secretly confined or imprisoned in the state against his will, or to cause such other person to be sent out of this state against his will, or to cause such other person to be deprived of his liberty, or in any way held to service against his will, shall upon conviction, be punished by imprisonment in the penitentiary not exceeding ten years. Upon the trial of any such offense the consent of the person so kidnapped or confined shall not be a defense, unless it appear that such consent was not extorted by threats or duress.
§ 97-3-53. Kidnapping.

Any person who shall without lawful authority forcibly seize and confine any other person, or shall inveigle or kidnap any other person with intent to cause such person to be secretly confined or imprisoned against his or her will, or shall without lawful authority forcibly seize, inveigle or kidnap any child under the age of ten (10) years and secretly confine such child against the will of the parents or guardian or person having the lawful custody of such child, shall, upon conviction, be imprisoned for life in the state penitentiary if the punishment is so fixed by the jury in its verdict. If the jury fails to agree on fixing the penalty at imprisonment for life the court shall fix the penalty at not less than one (1) year nor more than thirty (30) years in the state penitentiary.
This section shall not be held to repeal, modify or amend any other criminal statute of this state.
INDICTMENT
The Grand Jurors for the State of Mississippi, taken from the body of good and lawful persons of the First Judicial District of Hinds County, in the State of Mississippi, elected, impaneled, sworn, and charged to inquire in and for said District, County and State aforesaid, in the name and by the authority of the State of Mississippi, upon their oaths present: That Arthur White, without lawful authority, in said District, County and State on the 16th day of December, A.D., 1977 did forcibly seize and confine ....,[1] a human being above the age of ten years, against her will and he, the said Arthur White did then and there unlawfully remove the said ....[1] from a parking lot on the Millsaps College Campus in Jackson, Mississippi, a place where she had a lawful right to be, to another place, to-wit: a service station in Senatobia, Mississippi, with intent to cause said person to be secretly confined against her will, contrary to the form of the statute in such cases made *227 and provided, and against the peace and dignity of the State of Miss.
In Brooks v. State, 236 So.2d 751 (Miss. 1970), we held that the state has the choice of indicting under either section 97-3-51 or section 97-3-53. We are unable to ascertain from the indictment which one of the two sections the defendant was indicted under.
We are therefore compelled to apply the rule that, when the facts which constitute a criminal offense may fall under either of two statutes, or when there is substantial doubt as to which of the two is to be applied, the case will be referred to the statute which imposes the lesser punishment. Grillis v. State, 196 Miss. 576, 17 So.2d 525 (1944). We therefore affirm the conviction and remand for sentence under section 97-3-51 which carries a maximum punishment of ten years imprisonment.
If the state desired to seek the greater punishment provided by section 97-3-53, the indictment should have specifically referred to that section of the code.
We perceive no reason for the existence of the two statutes and suggest that the legislature should repeal one of the statutes, retain the other, and prescribe such penalty as in its wisdom it deems justified for the punishment of the crime of kidnapping.
AFFIRMED AND REMANDED FOR PROPER SENTENCING.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] The name of the party kidnapped is omitted in this opinion to preserve the anonymity of the person kidnapped.