375 So.2d 233 (1979)
Ramon THOMPSON
v.
STATE of Mississippi.
No. 51275.
Supreme Court of Mississippi.
September 26, 1979.
Rainer & Sumrall, William Andy Sumrall, J. Edward Rainer, Pearl, for appellant.
A.F. Summer, Atty. Gen. by Catherine Walker, Underwood, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, LEE and BOWLING, JJ.
SMITH, Presiding Justice, for the Court:
This is an appeal by Ramon Thompson from his conviction in the Circuit Court of Rankin County of armed robbery and sentence of thirty years imprisonment.
Thompson, with his companions Arthur Melvin White and Melvin Moore, accosted an eighteen year old co-ed at Millsaps College and asked her to drive them to St. Dominic's Hospital in her car. After she had permitted them to enter the car, and had started out for the hospital, White drew a gun and forced her to drive them by a circuitous route to a point near Brandon, in Rankin County. On the way, at pistol point, they forced the young woman to get in the back seat. Thompson took over the driving. Having crossed the river into Rankin County, Thompson stopped on a side road and White took approximately $25.00 from the girl, all she had. From that point, the three drove the automobile, with the young woman their prisoner, north on U.S. Highway 55. After stopping at least twice, they stopped at a service station in Senatobia. Here the young woman managed to make her escape from the car and to give the alarm. Thompson, White and Moore immediately took off in the automobile toward Memphis, but were apprehended at Coldwater.
White's conviction of armed robbery as a result of this escapade was affirmed by this Court in White v. State, 374 So.2d 225 (1979), not yet officially reported.
*234 The same errors assigned in White, supra, are assigned in this case and urged as grounds for reversal of Thompson's conviction.
The first contention here is that it was error to overrule Thompson's motion to quash the indictment upon the ground that he had been "deprived of due process and equal protection of his rights under the 14th Amendment in that it was the pattern and practice in Rankin County in the selection of the grand jury foreman discriminated against and totally excluded blacks." This same contention was advanced in White, supra, and decided against the appellant. This ruling is supported by the decision of the United States Supreme Court in Rose v. Mitchell, ___ U.S. ___, 99 S.Ct. 2993, 61 L.Ed.2d 739 (1979). The record in the present case as it relates to this contention is the same in all material respects as that in White. The trial court properly overruled the motion to quash the indictment for the reasons stated in White, supra, which controls here.
The next contention advanced by appellant is that his motion to suppress certain incriminating statements should have been sustained. We note that at a hearing prior to trial, all of the officers who were present during appellant's several statements testified that the statements had been freely and voluntarily given by Thompson, after he repeatedly had been advised of his rights under Miranda. They testified that Thompson's admissions or confessions had not been the product of violence or threat of violence, nor were they the result of any improper offer or inducement. This testimony was contradicted by that of Thompson, who then took the stand and said that he had made the statements only because of threats of physical violence. This created a factual issue for determination by the trial court. The action of the trial judge in overruling the motion to suppress was amply supported by evidence and was not error. In ruling, the judge said:
The Court having heard the evidence and testimony on behalf of the State and on behalf of the Defendant on the motion to suppress the confession, the testimony before the Court is that they signed a waiver within fifteen or twenty minutes after they were taken into custody and that some three or four hours later or five hours later Officer Ralph McClain read them their rights, and on the way to Jackson Officers Husbands and Cumberland said they were read their rights and that at no time did they request an attorney, at no time were they threatened or promised anything; they were told they could stop answering questions when they wanted to and an attorney would be gotten for them; defendant of course denies that he was advised but Defendant Moore's testimony is contradictory as to whether he was threatened or whether he wasn't threatened in the car on the way back to Jackson; the case cited to the Court, Haynes vs. Washington, in that case the defendant was held incommunicado for sixteen hours after he had been told that he could not call his wife until he had signed it. There is no testimony before the Court in this case that they were refused a telephone call or denied the right to call anybody or anything else along that line. Of course there is no testimony that they called anybody. The Court is of the opinion that the confessions were freely and voluntarily given after being properly advised of their rights under the Miranda decision and the Motions to Suppress them is overrule.
Appellant takes the position now that the action of the court was error because the officers were not called back to repeat their testimony in rebuttal.
In Tate v. State, 317 So.2d 23 (Miss. 1975) the Court said in a similar situation:
The testimony of the two officers given before defendant testified was a sufficient denial of her testimony to justify the court's finding that the confession was voluntary, since they were the only officers present when defendant was questioned and when the confession was signed. (317 So.2d at 24).
Each of the officers in the present case, both on direct and cross-examination, denied *235 in detail that any threat to or mistreatment of appellant had occurred.
The testimony on the motion having been in conflict, it became the duty of the trial court to resolve the issue. The action of the court in denying the motion was supported by ample evidence and was not error.
A "demurrer" was filed to the indictment, the demurrer "charging" that "the Court does not have jurisdiction in this case."
From the proceedings in the trial court, it appears that the purpose of this so-called "demurrer" was to challenge the venue. The testimony of the victim, which is the only testimony on the subject, establishes with sufficient certainty that the crime occurred in Rankin County near the town of Brandon, the county seat. The court correctly found that venue lay in Rankin County and correctly overruled the "demurrer." It is not suggested that the indictment failed to charge Thompson with the crime of armed robbery.
A careful examination of the record demonstrates conclusively that the remaining assignments, propositions IV, V, VI, VII and VIII are without merit. It is enough to say that each of these assignments has been examined and carefully considered and that they are so clearly lacking in merit that an extended or detailed discussion of them would merely encumber the opinion unduly.
Thompson's guilt, the crime of armed robbery as charged in the indictment, was amply established by evidence which supports the verdict. No prejudicial or reversible error having occurred at the trial, the judgment and sentence appealed from will be affirmed.
AFFIRMED.
PATTERSON, C.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.