BOWLING, Justice,
for the Court:
Appellant was indicted, tried and convicted in the Circuit Court of Rankin County for the crime of armed robbery. Also indicted, tried and convicted separately were two others who participated in the same armed robbery. The other two were Arthur Melvin White and Ramon Thompson. The convictions of both White and Thompson already have been affirmed by this Court — White v. State, 374 So.2d 225; and Thompson v. State, 375 So.2d 233.
Under the authority of the statute that was the basis of the indictment, the jury found appellant guilty and fixed his sentence at life detention under the jurisdiction of the Mississippi Department of Corrections.
In this appeal appellant assigns essentially the same alleged errors as were assigned in White, supra, and Thompson, supra. The same attorneys represented all three persons, performing outstanding legal services in these representations.
Under the authority of the opinions in White, supra, and Thompson, supra, with the same assignments of error and identical facts as revealed by the evidence, this Court affirms the conviction of the appellant herein.
The record in all three causes revealed that Moore, White and Thompson deliberately planned and carried out the abduction and kidnapping of a female student at a parking lot on the campus of Millsaps College, in Jackson, Mississippi, on December 16, 1977. At gunpoint she was forced to drive into Rankin County where she was robbed by her three abductors. With one of the participants driving, the car then was driven in a northerly direction on Interstate 55 toward Memphis, Tennessee. It was necessary to stop at a service station in Senatobia, Mississippi, near the Tennessee border, to get gas for the car. Under the pretense of having to go to the restroom, the female student, with one of the accused following her with the gun, managed to run into the service station and report the crime. White, Thompson and Moore hurriedly drove away in a northerly direction and were later apprehended a few miles from Senatobia by law enforcement officers.
As in White and Thompson, the appellant here contends that his constitutional protection was violated because no black person had served in the position of grand jury foreman in Rankin County. As stated by the Court, through Judge Robertson in White, supra, appellant offered no testimony or statistical evidence of the number of potential black jurors in Rankin County to compare with the number of foremen actually chosen. No evidence was offered of the percentage of blacks and whites in the total population in Rankin County. In White, the Court discussed the recent United States Supreme Court opinion in Rose v. Mitchell, - U.S. -, 99 S.Ct. 2993, 61 L.Ed.2d 739 (1979). There the standards that must be met in making out a prima facie case of discrimination in the selection of a grand jury foreman were clearly set out. Without repeating what was said in White on this issue, it is clear that appellant here did not make out a prima facie case of discrimination in the selection of grand jury foremen in Rankin County. See also this Court’s opinion in Herring v. State, 374 So.2d 784. In the present case, there was no basis shown to meet the requirements set out in Rose, supra.
*1046 As stated at the outset, the assignments of error in all three cases were practically identical; the records in all three cases were the same as to evidence submitted, and the testimony of the same witnesses was introduced in all three cases. There is no need to repeat here a discussion of each assignment. We refer to and incorporate herein the opinions in White and Thompson to hold that there is no merit in any of the assignments in the present case, just as there was no merit to the same assignments in the other two cases. The conviction and sentence of appellant are therefore affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.