508 So.2d 669 (1987)
STATE of Mississippi
v.
John C. HOFFMAN.
No. 56990.
Supreme Court of Mississippi.
June 3, 1987.
*670 Cono A. Caranna, II, Dist. Atty., Margaret Alfonso, Asst. Dist. Atty., Gulfport, for appellant.
John C. Hoffman, Gulfport, for appellee.
Before WALKER, C.J., and DAN M. LEE and PRATHER, JJ.
PRATHER, Justice, for the Court:
This appeal involves the elements of the crime of false pretenses and calls upon this Court to assess the sufficiency of criminal information formally charging John Hoffman with the commission of such a crime. This Court concludes, as did the trial judge, that the information "does not particularize the crime of false pretenses" to the degree required by law and was thus properly dismissed on defense demurrer.

I.
Hoffman (an attorney) was charged by information in 1984 for the crime of false pretenses[1] relating to an arrangement whereby he combined with Lott (general manager of Aetna Finance Company) and Rivenbark (a branch manager of Aetna) in an allegedly illicit purchase of lands owned by Aetna. Though the charge is confusing and inartfully worded, this Court finds the relevant allegations to include the following:
1. Lott and Rivenbark approached Hoffman to act as a "straw man" in purchasing lots owned by Aetna and conveying them to a third person.
2. Hoffman purchased the two lots for $2500.00.
3. To reimburse Hoffman for this expenditure, Lott and Rivenbark allowed him to submit to Aetna $2500.00 in fraudulent legal billings and caused these bills to be paid by Aetna.
4. Thereafter, Hoffman sold the lots to Rivenbark's sister for $4500.00, paying Lott and Rivenbark $800 each from the sale proceeds. Hoffman executed a warranty deed on this transaction, the deed being recorded on January 27, 1982.
5. When the loan underlying this sale to Rivenbark's sister was randomly selected for review by Aetna, Hoffman issued a certificate of title verifying that a deed of *671 trust had been recorded prior to the loan, a fact which all three men knew was false.
On these facts, Hoffman was charged "with the felonious intent to cheat and defraud Aetna ... of the sum of ... $1600.00... ." Following this charge, Hoffman demurred and moved to quash the indictment on several grounds, including the complaint that the information failed to sufficiently apprise him of the nature of the crime of which he was accused. The trial judge dismissed the charge on this ground, an action prompting the State to take this appeal. This Court doesn't examine the other bases for the demurrer but finds that the information fails to satisfy the level of specificity and clarity required by State law.

II.
Under Miss. Code Ann. § 97-19-39 (1972) and the cases interpreting this section, the crime of false pretenses occurs when one makes a false representation of a past or existing fact with the intent to deceive and with the result that the accused obtains something of value from the party deceived. State v. Lott, 507 So.2d 378 (1987); Walley v. State, 458 So.2d 734 (Miss. 1984); Young v. State, 209 So.2d 189 (Miss. 1968). Furthermore, there must be evidenced some detriment or injury to the person deceived. Gordon v. State, 458 So.2d 739 (Miss. 1984). These requirements mark the skeletal requirements of a charge of false pretenses. With the exception of the allegation that Hoffman received $2500 from Aetna on the presentation of fraudulent billing statements, it appears highly doubtful that the remaining facts would constitute false pretenses under the preceding discussion. This Court, however, affirms on a separate ground.
Apart from the question of whether a crime has been charged at all exists the determination of whether the indictment meets the mandated level of specificity and clarity. The adequacy of a formal charge in this regard is controlled by Rule 2.05, Uniform Criminal Rules of Circuit Court Practice. While this rule does not require hypertechnical detail, it nonetheless requires "a plain, concise and definite written statement of the essential facts constituting the offense charged and ... fully (notifies) the defendant of the nature and cause of the accusation against him."
As heretofore noted, "(A) defendant in a criminal case defends against an indictment, not a statute," and thus "is charged under statute only to the extent that the indictment charges acts which are unlawful under the statute." McCullum v. State, 487 So.2d 1335, 1338 (Miss. 1986). See also: Winston v. State, 479 So.2d 1093, 1094-95 (Miss. 1985), Hines v. State, 472 So.2d 386, 390 (Miss. 1985).
Whatever else may be said about the formal charge in this case, it most certainly cannot be described as plain, concise, and definite. For example, the initial portion of the charge sets forth an overall loss to Aetna of $1600, then at a later point Hoffman is accused of extracting $2500. This Court does not suggest that there exists any magical wording (beyond the essential criminal elements) for criminal indictments, but holds that the present charge fails to adequately apprise Hoffman "in fact of the nature of the charge against" him and is thus short of the "actual notice" required by Rule 2.05 and the cases interpreting it. Harden v. State, 465 So.2d 321, 324 (Miss. 1985) (emphasis in original). Accordingly, the trial judge's dismissal of this indictment is affirmed.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P. JJ., and DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
GRIFFIN, J., not participating.

APPENDIX

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

FIRST JUDICIAL DISTRICT
STATE OF MISSISSIPPI
COUNTY OF HARRISON

*672 AFFIDAVIT
Now comes Cono A. Caranna, II, District Attorney in and for Harrison County, who in the name and by the authority of the State of Mississippi prosecutes for and on behalf of the State of Mississippi in his proper person, now comes into the Circuit Court for the First Judicial District of the County of Harrison, State of Mississippi, and now says under oath that he gives the Court here to understand and be informed that it is his information and belief that John Charles Hoffman did unlawfully, wilfully, feloniously and fraudulently and designedly, acting in concert with others, and for the felonious purpose of accomplishing their felonious design, as hereinafter set forth, they, the said Travis Lott and William Rivenbark did wilfully, unlawfully, feloniously and fraudulently with the felonious intent to cheat and defraud Aetna Finance Company, a Delaware corporation licensed to do business in Mississippi, hereinafter referred to as Aetna Finance, of the sum of One Thousand Six Hundred Dollars ($1,600.00) in good and lawful money of the United States of America, as will be hereinafter shown, did wilfully, unlawfully, feloniously and fraudulently and designedly conspire together and enter into a felonious common design by virtue of certain false pretenses which they knew to be false, and a certain writing which they knew to be false, all of which acts were feloniously performed between December, 1980 and May, 1982, and by virtue of their common design and felonious acts as committed by each of them as hereinafter shown, did wilfully, unlawfully and feloniously by virtue of said false pretenses cheat and defraud said Aetna Finance of the sum of One Thousand Six Hundred Dollars ($1,600.00) in good and lawful money of the United States of America, said false pretenses and acts feloniously performed by them being as follows, to-wit:
(1) that the said Travis Lott and William Rivenbark learned from their employment with Aetna Finance of certain properties owned by Aetna Finance known as Lots 63 and 64, Square 736, Shoreline Park Subdivision, Unit 11, Addition 1, Hancock County, Mississippi, said properties being in foreclosure; that thereafter, said Travis Lott and William Rivenbark set out to acquire said lands by having one John C. Hoffman, attorney for Aetna Finance, purchase said lands; that thereafter title became vested unto John C. Hoffman by virtue of a certain warranty deed executed from Aetna Finance, said deed being executed on the 2nd day of March, 1981 and recorded in Book AA46, Page 757 of the Land Deed Records of Hancock County, Mississippi, all with the felonious and fraudulent intent and understanding that once said properties were sold said Travis Lott and William Rivenbark would profit from said sale. Further, that the said Travis Lott and William Rivenbark procured and offered to said John C. Hoffman to reimburse said John C. Hoffman the purchase price of said lots, to-wit: Two Thousand Five Hundred Dollars ($2,500.00) in false and fraudulent billings for legal work not performed or inflated and that thereafter said Travis Lott and William Rivenbark caused Aetna Finance to pay said false and fraudulent billings in effect said Aetna Finance parted with such properties receiving nothing in return by virtue of the false and fraudulent billings;
(2) that thereafter said Travis Lott and William Rivenbark did procure a purchaser for said properties, one Linda L. Allen, she being the sister of the said William Rivenbark, the purchase price for said property being Four Thousand Five Hundred Dollars ($4,500.00) and in furtherance of their common design said sum was paid to said John C. Hoffman out of which sum said Travis Lott and William Rivenbark were paid by said John C. Hoffman Eight Hundred Dollars ($800.00) each in good and lawful money of the United States of America; that thereafter at the request of Travis Lott and William Rivenbark the said John C. Hoffman did, in furtherance of their common design, execute a warranty deed on the 7th day of January, 1982, selling and conveying said properties, Lots 63 and 64 as aforesaid described, said deed *673 being recorded on the 27th day of January, 1982, in the Land Deed Records of Hancock County, Mississippi, to said Linda L. Allen, and the said Travis Lott and William Rivenbark had heretofore caused a loan to be made to the said Linda L. Allen by Aetna Finance on the 30th day of December, 1981, in the net amount of Fourteen Thousand Nine Hundred One Dollars and Six Cents ($14,901.06), no deed of trust being recorded to Aetna Finance for this transaction;
(3) that, thereafter, said loan to Linda L. Allen was randomly selected for review by Aetna Finance and to conceal and justify their false and felonious acts, said Travis Lott and William Rivenbark did procure said John C. Hoffman to certify under oath and in writing a certificate of title insurance certifying a deed of trust to be executed and recorded for said loan, all of which said Travis Lott and William Rivenbark knew to be wholly false and which false pretense and false writing was done, aided and abetted by said Travis Lott and William Rivenbark,
contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.
 /s/Cono A. Caranna, II
 CONO A. CARANNA, II.
 DISTRICT ATTORNEY
NOTES
[1] See appendix attached.