# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-KM-00178-SCT

*JEREMY WINTERS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/15/2008 |
| TRIAL JUDGE: | HON. ALBERT B. SMITH, III |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JULIE ANN EPPS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | BRENDA MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 11/04/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1. Twenty-year-old Jeremy Winters was convicted of felony driving under the influence (DUI), after his third DUI offense within five years and the trial judge's determination that his blood-alcohol content (BAC) registered higher than .08%. He was sentenced to one year in the Mississippi Department of Corrections (MDOC) Intensive Supervision Program, followed by four years of probation. He appeals, claiming that the indictment was insufficient to charge him with felony DUI.

**FACTS AND PROCEDURAL HISTORY**

¶2.   Jeremy Winters was arrested by Cleveland authorities for driving under the influence of intoxicants on November 11, 2006, at 1:56 a.m.  This arrest followed at least two prior DUI convictions.[1]  Officer Charles Morris administered a breathalyzer test on the Intoxilyzer 8000, and Winters registered a BAC of .09%.

¶3.   The indictment stated that Jeremy Winters "did unlawfully, wilfully and feloniously drive or otherwise operate a vehicle while under the influence of an intoxicating liquor, while having two one-hundredths percent (.02%) or more by weight volume of alcohol in his blood . . . ."  The heading of the indictment read:  "Felony DUI MCA Section 63-11-30(1)(c)."

¶4.   Winters waived his right to a jury trial and proceeded to a bench trial.  At trial, Winters admitted to consuming one beer prior to driving and half a beer during the drive.  He also admitted to consuming three beers earlier that evening around 7:00 p.m.  The defense's expert, Dr. Henry Outlaw, testified that Winters's BAC was most likely between .068% and .076% at the time of arrest, based on information given by Winters himself.  Under Dr. Outlaw's findings, Winters would be guilty of a misdemeanor under the "Zero Tolerance for Minors" law[2] (applicable to minors with a BAC of more than .02%, but less than .08%).

---

[1]It is not clear from the record whether Winters had been convicted of DUI two or three times before.  Although the text of the indictment states that Winters "has been previously convicted twice before," it goes on to list three separate offenses.  But, whether Winters's current conviction is his third or fourth is immaterial, because the punishment is the same for any "third or subsequent" conviction.  *See* Miss. Code Ann. § 63-11-30(2)(c) (Rev. 2004).

[2]*See* Miss. Code Ann. § 63-11-30(3)(a) (Rev. 2004).

¶5. The State's expert, Maury Phillips, rebutted Dr. Outlaw's opinion and explained the process of the Intoxilyzer 8000. The Intoxilyzer tests itself for accuracy before and after registering a BAC. Phillips testified that Winters's BAC at the time of the arrest was accurate on the Intoxilyzer 8000 at .09%. Under Phillips's findings, Winters's BAC would be too high to apply the "Zero Tolerance for Minors" law, and he would be guilty of felony DUI under Mississippi Code Section 63-11-30(2)(c) for his third offense.

¶6. Defense counsel previously had filed several motions regarding the indictment, including a motion to dismiss and a motion to quash based on insufficient notice. The defense argued that the indictment was ambiguous as to whether Winters was being charged under the felony DUI statute or under the "Zero Tolerance for Minors" law. The State argued that the indictment put Winters on notice that he was being charged with a DUI, and any sentence would be based on Winters's BAC at the time of arrest. Further, the State argued that Winters's BAC was a question of fact for the trial court to determine. The trial court denied both motions without explanation. The trial court ultimately found Winters guilty and sentenced him according to the felony DUI statute to one year in the Intensive Supervision Program and four years probation. Winters argues on appeal that the indictment does not charge felony DUI.

**ANALYSIS**

¶7. The question of whether the indictment was sufficient to notify Winters of the charge against him is a question of law, which this Court will review de novo.[3] Generally, an

---

[3] *Ralph Walker, Inc. v. Gallagher*, 926 So. 2d 890, 893 (Miss. 2006).

indictment should be a "plain, concise and definite written statement of the essential facts constituting the offense charged" and should "fully notify the defendant of the nature and cause of the accusations against him."[4] An indictment is considered sufficient if it tracks the language of the statute under which it is drawn.[5] However, it is not a requirement that the indictment use the exact words of the statute if the crime can be substantially described without using them.[6] In most instances, it is not necessary to recite the code section under which the indictment is being drawn; however, it is recommended.[7]

¶8.     Winters's indictment specifically references Section 63-11-30(1)(c), which states:

> (1) It is unlawful for any person to drive or otherwise operate a vehicle within this state who . . . (c) has an alcohol concentration of eight one-hundredths percent (.08%) or more for persons who are above the legal age to purchase alcoholic beverages under state law, or two one-hundredths percent (.02%) or more for persons who are below the legal age to purchase alcoholic beverages under state law[.]

This provision of the DUI statute defines the crime and is the starting point for subsequent sections which provide the sentencing guidelines. Contained within the DUI statute is the "Zero Tolerance for Minors" law, which establishes less severe penalties for persons under

---

[4]URCCC 7.06; *State v. Hoffman*, 508 So. 2d 669, 671 (Miss. 1987); *see Williams v. State*, 445 So. 2d 798 (Miss. 1984).

[5]*Cantrell v. State*, 507 So. 2d 325, 329 (Miss. 1987); *see Ward v. State*, 479 So. 2d 713, 715 (Miss. 1985); *Hines v. State*, 472 So. 2d. 386, 390 (Miss. 1985); *see also Hickombottom v. State*, 409 So. 2d 1337 (Miss. 1982).

[6]*Reining v. State*, 606 So. 2d 1098, 1103 (Miss. 1992).

[7]*Martin v. State*, 501 So. 2d 1124, 1126 (Miss. 1987).

the age of twenty-one.[8]  But, the "Minors" law applies only to underage persons with a BAC

of more than .02%, *but less than .08%.*  Specifically, the statute states:

> The provisions of this subsection shall apply only when a person under the age of twenty-one (21) years has a blood alcohol concentration two one-hundredths percent  (.02%) or more, but lower than eight one-hundredths percent (.08%). *If such person's blood alcohol concentration is eight one-hundredths percent (.08%) or more, the provisions of subsection (2) shall apply.*[9]

Although Winters was under twenty-one at the time of his arrest, the "Zero Tolerance for

Minors" law does not apply, because the trial judge, as the trier of fact, found Winters's

BAC to be higher than .08%.  So Winters's conviction falls under Section 63-11-30(2),

which applies to all individuals with a BAC of more than .08%.  Further, Winters falls under

Section 63-11-30(2)(c),[10] as this DUI charge is at least his third offense within five years.

Thus, the trial judge sentenced him appropriately.

¶9.      We disagree with Winters's argument that the language in the indictment does not

charge him with felony DUI.  While it is true that the indictment does not specifically state

".08%," it does state that Winters operated a vehicle while having two one-hundredths

percent (.02%) *or more* by weight volume of alcohol in his blood.  And the indictment states

that Winters *feloniously* drove or otherwise operated a vehicle while under the influence of

an intoxicating liquor, and is headed "FELONY DUI MCA Section 63-11-30(1)(c)."

---

[8]Miss. Code Ann. § 63-11-30(3)(a) (Rev. 2004).

[9]Miss. Code Ann. § 63-11-30(3)(a) (Rev. 2004) (emphasis added).

[10]"Except as otherwise provided in subsection (3) ["Zero Tolerance for Minors" law], for any third or subsequent conviction of any person violating subsection (1) [general DUI statute] of this section, the offenses being committed within a period of five years, such person shall be guilty of a felony . . . . "

Finally, the indictment clearly lists Winters's previous convictions for DUI, which should have put him on notice that the State was seeking an enhanced penalty.[11] We find that the indictment "fully notified" Winters of the "nature and cause of the accusations against him."[12]

¶10.   We also disagree with Winters's argument that ***Broadus v. State***[13] should control the outcome of today's case.[14] In ***Broadus***, the indictment charged the defendant with the sale of marijuana, but it did not specify the amount of marijuana.[15] Broadus filed a demurrer to the indictment, arguing that the failure to state an amount meant that his offense potentially could have fallen under two different statutes.[16] The trial court overruled the demurrer, holding that the indictment properly charged Broadus with the crime of unlawful sale of marijuana.[17] But because no amount was stated in the indictment, the trial judge sentenced

---

[11]We also note that, in several pretrial motions, Winters's counsel stated that "the Defendant is charged with felony DUI." It is clear from the record that Winters was aware that the State was seeking a felony DUI conviction.

[12]***State v. Hoffman***, 508 So. 2d 669, 671 (Miss. 1987).

[13]***Broadus v. State***, 392 So. 2d 203 (Miss. 1980).

[14] Winters actually argues that ***Ivy v. State***, 589 So. 2d 1263 (Miss. 1991), should be dispositive. However, after reading ***Ivy***, it is clear that the defense is actually arguing the facts of ***Broadus v. State***, 392 So. 2d 203 (Miss. 1980), a case cited within.

[15]***Broadus***, 392 So. 2d at 204.

[16]***Id.***; *see* Miss. Code Ann. § 41-29-139(b) (Rev. 2009) (current statute setting out the various penalties for the sale of marijuana).

[17]***Id.*** at 205.

6

Broadus under the statute prescribing the lesser penalty.[18] On appeal, this Court held that the trial judge acted properly, reiterating the rule that when there is substantial doubt as to which statute should be applied, the court will apply the one with the lesser penalty.[19]

¶11. We find ***Broadus*** distinguishable from the case at hand. First, Winters's indictment is not completely silent as to the amount of alcohol in his blood. The indictment specifies a BAC of .02% *or more*. The addition of the words "or more" could be read to include a BAC of up to .08%, or even higher. Second, the indictment lists all of Winters's prior convictions for DUI, which should have put him on notice that the State intended to pursue a conviction for a third or subsequent DUI. Finally, the indictment charges Winters with "feloniously" operating a vehicle while under the influence, and it is headed "FELONY DUI MCA Section 63-11-30(1)(c)." We find that there was no "substantial doubt"[20] as to which statute should be applied in this case, and Winters therefore was properly sentenced.

## CONCLUSION

¶12. Based on the foregoing, we find that the indictment charged Winters with felony DUI. We therefore affirm the judgment and sentence of the Bolivar County Circuit Court.

¶13. **CONVICTION OF FELONY DRIVING UNDER THE INFLUENCE AND SENTENCE OF ONE (1) YEAR IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, INTENSIVE SUPERVISION PROGRAM,**

---

[18]***Id.***; *see also **White v. State***, 374 So. 2d 225, 227 (Miss. 1979) ("We are therefore compelled to apply the rule that, when the facts which constitute a criminal offense may fall under either of two statutes, or when there is substantial doubt as to which of the two is to be applied, the case will be referred to the statute which imposes the lesser punishment.").

[19]***Broadus***, 392 So. 2d at 205 (citing ***White v. State***, 374 So. 2d 225 (Miss. 1979)).

[20]***White***, 374 So. 2d at 227.

**FOLLOWED BY FOUR (4) YEARS PROBATION, WITH CONDITIONS, AFFIRMED.**

**WALLER, C.J., CARLSON, P.J., DICKINSON, RANDOLPH, CHANDLER AND PIERCE, JJ., CONCUR. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY GRAVES, P.J.**

**KITCHENS, JUSTICE, DISSENTING:**

¶14. I respectfully disagree with today's decision that the indictment sufficiently charged Jeremy Winters with felony DUI. Because the indictment was incurably ambiguous as to whether Winters was charged with a felony or a misdemeanor, the trial court should not have sentenced him for a felony, only for a misdemeanor. *Clubb v. State*, 672 So. 2d 1201, 1206 (Miss. 1996). Therefore, I would reverse the judgment and remand the case for resentencing under Mississippi Code Section 63-11-30 (3)(d) (Rev. 2004).

¶15. Winters was indicted for violating Mississippi Code Section 63-11-30(1)(c), and an essential element under subsection (1)(c) is blood-alcohol content: .02% or more for minors and .08% or more for adults. Sentencing, and hence whether the crime is classified as a misdemeanor or felony, is determined by subsections (2) or (3) and is dependent upon age, blood alcohol content (BAC), and the number of the defendant's prior DUI convictions, if any. Miss. Code Ann. § 63-11-30 (2), (3) (Rev. 2004). Subsection (3), the so-called "Zero Tolerance for Minors" law, sets out lesser penalties for persons who are under the age of twenty-one years and have a BAC of more than .02% but less than .08%.

¶16. Winters's indictment did not indicate whether the State was seeking penalties under subsection (2) or (3). Being under the age of twenty-one years at the time, Winters could have been sentenced under subsection (2) for a felony only if his BAC was .08% or higher.

8

However, the Winters indictment alleged that the accused's BAC was ".02% or more," thus implicating subsection (3), the Zero Tolerance for Minors law. Winters's indictment also alleged that he "feloniously" operated a vehicle while under the influence, thus implicating subsection (2), which provides for a greater penalty.

¶17. Given the inherent conflict, in this context, between the language *.02% or more* and *feloniously*, our law mandates that Winters be given the lesser sentence. "[I]f the indictment is ambiguous, the accused can only be punished under the statute with the lesser penalty." *Clubb*, 672 So. 2d at 1206 (quoting *Beckham v. State*, 556 So. 2d 342, 343 (Miss. 1990)). Therefore, in cases involving controlled substances where the amount was not specified in the indictment, this Court consistently has held that the defendant must receive the lesser sentence. *Clubb*, 672 So. 2d at 1206; *Ivy v. State*, 589 So. 2d 1263, 1264 (Miss. 1991); *Burns v. State*, 438 So. 2d 1347, 1353 (Miss. 1983); *Broadus v. State*, 392 So. 2d 203, 205 (Miss. 1980). As with violations of our controlled substances laws, driving under the influence under Section 63-11-30(1)(c) requires proof of quantity. That the essential element in the present case is blood-alcohol content, rather than the weight or the number of dosage units of a controlled substance, is immaterial to our analysis, and there is no relevant distinction between the legal principles governing drug cases and the case before us.

¶18. My colleagues in the majority attempt to distinguish *Broadus* on several grounds. First, the majority finds it noteworthy that the indictment in the *Broadus* case was completely silent about the amount of marihuana, while Winters's indictment specifies a BAC of .02% or more. This is a distinction without a difference, and we have said clearly

9

that an indictment is flawed when it is "vague, ambiguous, *or* silent as to the amount." ***Clubb***, 672 So. 2d at 1206 (emphasis added). Here, there can be no reasonable disagreement that ".02% or more" and "feloniously" render the indictment ambiguous regarding the grade (misdemeanor or felony) of the offense with which Winters was charged.

¶19. Second, the majority declares that "the indictment listed all of Winters's prior convictions for DUI, which should have put him on notice that the State intended to pursue a conviction for a third or subsequent DUI." Again, this does not justify the trial judge's imposition of a felony sentence, because the Zero Tolerance for Minors law also provides a greater sentence for subsequent convictions. Specifically, subsection (3)(d) provides:

> For any third or subsequent conviction of any person under the age of twenty-one (21) years violating subsection (1) of this section, the offenses being committed within a period of five (5) years, such person shall be fined not more than One Thousand Dollars ($1,000.00) and shall have his driver's license suspended until he reaches the age of twenty-one (21) or for two (2) years, whichever is longer.

Miss. Code Ann. § 63-11-30 (3)(d). Indeed, Winters has not denied his prior convictions; he simply argues that he should have been sentenced under subsection (3)(d).

¶20. Third, the majority finds that the word "feloniously" and the heading "Felony DUI MCA Section 63-11-30(1)(c)" somehow cure the ambiguity. But, as explained above, it is exactly these words, when coupled with an allegation of blood-alcohol content of ".02% or more," that create the ambiguity. Listing "Section 63-11-30(1)(c)" in the heading likewise is of no help, because one who violates subsection (1)(c) may be guilty of either a misdemeanor or a felony. Moreover, to say that language in the heading or caption of an

indictment, which in reality is editorial in nature, or citation to the statute, can heal the ills found in the formal, charging language, is to elevate form over substance, a practice this Court historically has repudiated. *See e.g., **Golden v. State***, 968 So. 2d 378, 386 (Miss. 2007) (where there is a conflict between the heading of an indictment and the substance of the charging document, the language of the indictment controls); ***Pearson v. State***, 248 Miss. 353, 358-59, 158 So. 2d 710, 712 (1963) ("[I]t is not ordinarily necessary to designate the statute under which an indictment is drawn, and an indictment which properly charges the commission of a crime, in the language of the statute, or in words aptly describing or charging the offense, is sufficient." (citations omitted)); ***Dendy v. State***, 224 Miss. 208, 213, 79 So. 2d 827, 829 (1955) ("[R]eference to the code section in the indictment was surplusage and unnecessary to the charge of the crime for which appellant was tried.").

¶21.    Finally, the majority reasons that "[t]he addition of the words 'or more' *could be* read to include a BAC of up to .08% or even higher." (Emphasis added.)  Yet, it is equally likely that the words ".02% or more" *could be* read to mean something less than .08%.  The majority's speculation that the indictment might have charged a felony is in direct contradiction to the longstanding and well-established requirement that an indictment be "a *plain*, concise and *definite* written statement of the essential facts constituting the offense charged and shall *fully* notify the defendant of the nature and cause of the accusation." URCCC 7.06 (emphasis added).  *See also **Nguyen v. State***, 761 So. 2d  873, 875 (Miss. 2000); ***State v. Hoffman***, 508 So. 2d 669, 671 (Miss. 1987).  "Could be" is not "definite," and it certainly cannot satisfy our constitutions' guarantees of due process of law and notice of criminal accusations.  U.S. Const. amends. VI, XIV; Miss. Const. art. 3, §§14, 26.

11

¶22.    While we have numerous cases, statutes, and a uniform rule that speak to the importance of a properly drafted indictment, we must not forget that these laws serve to protect greater constitutional guarantees.  U.S. Const. amends. VI, XIV; Miss. Const. art. 3, §§14, 26.  "It is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made."  *Cole v. Arkansas*, 333 U.S. 196, 68 S. Ct. 514, 92 L. Ed. 644 (1948) (citing *De Jonge v. Oregon*, 299 U.S. 353, 362, 57 S. Ct. 255, 81 L. Ed. 278 (1937)).  Hence, due process of law requires that when the facts alleged in the indictment could fall under either of two statutes, the statute which imposes the lesser punishment must apply.  *Grillis v. State*, 196 Miss. 576, 17 So. 2d 525 (1944).  Because the majority fails to honor this venerable rule, I respectfully dissent.

    **GRAVES, P.J., JOINS THIS OPINION.**